**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MUNCHKIN, INC., a Delaware corporation,<br><br>　　　　　Plaintiff-counter-defendant - Appellee,<br><br>　v.<br><br>PLAYTEX PRODUCTS, LLC, a Delaware limited liability company,<br><br>　　　　　Defendant-counter-claimant - Appellant. | No. 11-55630<br><br>D.C. No. 2:11-cv-00503-AHM-RZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Argued and Submitted October 14, 2011
Pasadena, California

Before: PREGERSON and BYBEE, Circuit Judges, and DAVIDSON, Senior
District Judge.[**]

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The Honorable Glen H. Davidson, Senior District Judge for the U.S. District Court for Northern Mississippi, sitting by designation.

Playtex Products, LLC appeals the district court's denial of its request for a preliminary injunction on its literal falsity claim under Section 43(a) of the Lanham Act. As an initial matter, the district court applied the correct standard in evaluating Playtex Products, LLC's likelihood of success on the merits. See Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1139 (9th Cir. 1997). In conducting its review, the district court found that scientific evidence and expert testimony supported Munchkin, Inc.'s advertising claim and indicated that its test was scientifically reliable. See id. ("To prove that an advertisement claim based on product testing is literally false, a plaintiff must do more than show that the tests supporting the challenged claim are unpersuasive. Rather, the plaintiff must demonstrate that such tests are not sufficiently reliable to permit one to conclude with reasonable certainty that they established the claim made.") (citations and quotation marks omitted). As such, the district court did not abuse its discretion in denying Playtex Products, LLC's request for a preliminary injunction.

**AFFIRMED.**